UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

FATIMA CORPORAN BETANCES,


                *Plaintiff*,

   -against-

KILOLO KIJAKAZI[1], ACTING COMMISSIONER
OF SOCIAL SECURITY,

                *Defendant.*

---------------------------------------X

**MEMORANDUM AND ORDER**

20-CV-2281(KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

      Plaintiff Fatima Corporan Betances appeals the final decision of the Commissioner of Social Security (the "Commissioner"), which found Plaintiff is not disabled and thus not entitled to disability insurance benefits under Title II of the Social Security Act (the "Act"). Plaintiff and the Commissioner have cross moved for judgment on the pleadings. For the reasons set forth below, Plaintiff's motion is **GRANTED**, the Commissioner's motion is **DENIED**, and the case is **REMANDED** for further proceedings consistent with this Memorandum and Order.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Kilolo Kijakazi is automatically substituted for Andrew Saul as the Defendant in this action.

## Background

The parties have filed a joint stipulation of relevant facts, which the court has reviewed and incorporates by reference. (*See generally* ECF No. 18-1, Joint Stipulation of Facts ("Stip.").) The court briefly recounts the facts and procedural history relevant to the instant motions.

Plaintiff worked as a childcare worker between 1998 and 2008 and worked as a jewelry inspector between 1995 and 1998. (Stip. at 1.) Plaintiff filed an application for disability insurance benefits on December 4, 2013. (*Id.*) Plaintiff alleged disability beginning on June 30, 2008, due to a herniated disc in her back, anxiety, panic attacks, high blood pressure, pre-diabetes, gastritis, hernia, and carpal tunnel syndrome. (*Id.*; ECF Nos. 19 to 19-4 (together, the "Administrative Record") at 405.) The agency denied her application for benefits, and an administrative law judge agreed that Plaintiff was not disabled under the Act in a decision dated September 29, 2016. (*Id.* at 42-55.)

After the Appeals Council denied review (*id.* at 1-4), Plaintiff filed suit in this court challenging the Commissioner's final decision denying her benefits. On December 12, 2018, Judge Chen approved the parties' stipulation and order remanding Plaintiff's case for the ALJ to take further action to complete the administrative record, hold a new hearing, and issue a new

2

decision.  Stipulation and Order, *Corporan Betances v. Berryhill*, No. 18-cv-1527 (E.D.N.Y. Dec. 12, 2018).  On January 16, 2019, the Appeals Council instructed the ALJ to: (1) consider the opinion of Plaintiff's treating psychiatrist, Dr. Lober Cervantes; (2) give further consideration to Plaintiff's maximum residual functional capacity ("RFC"); and (3) obtain supplemental evidence from a vocational expert, if appropriate, regarding Plaintiff's ability to perform other jobs in the national economy.  (Administrative Record at 1234.)

Following a new hearing, the ALJ again denied Plaintiff's application for benefits in a decision dated February 4, 2020.  (*Id.* at 1075-88.)  Thereafter, Plaintiff again filed suit in this court challenging the Commissioner's final decision.  (ECF No. 1 ("Compl.").)  The parties' cross-motions for judgment on the pleadings are fully briefed and ripe for decision.  (ECF No. 17-1 ("Pl.'s Mem."); ECF No. 17-2 ("Def.'s Mem."); ECF No. 17-3 ("Pl.'s Reply").)

## Standard of Review

A claimant must be "disabled" within the meaning of the Act to receive benefits.  *See* 42 U.S.C. §§ 423(a), (d).  A claimant qualifies as disabled when he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months." *Id.* §
423(d)(1)(A); *Shaw v. Chater*, 221 F.3d 126, 131–32 (2d Cir. 2000).
The impairment must be of "such severity" that the claimant is
unable to do his previous work or engage in any other kind of
substantial gainful work.  42 U.S.C. § 423(d)(2)(A).

The regulations promulgated by the Commissioner set
forth a five-step sequential evaluation process for determining
whether a claimant meets the Act's definition of disabled.  *See* 20
C.F.R. § 404.1520.  The Commissioner's process is essentially as
follows:

> [I]f the Commissioner determines (1) that the claimant
> is not working, (2) that he has a 'severe impairment,'
> (3) that the impairment is not one [listed in Appendix
> 1 of the regulations] that conclusively requires a
> determination of disability, and (4) that the claimant
> is not capable of continuing in his prior type of work,
> the Commissioner must find him disabled if (5) there is
> not another type of work the claimant can do.

*Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008) (quoting *Green-
Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)); *accord* 20
C.F.R. § 404.1520(a)(4).  During this five-step process, the
Commissioner must consider whether "the combined effect of all of
[a claimant's] impairments," including those that are not severe,
would be of sufficient severity to establish eligibility for Social
Security benefits.  20 C.F.R. § 404.1523(c).

"The claimant has the general burden of proving . . .
his or her case at steps one through four of the sequential five-

4

step framework established in the SSA regulations." *Burgess*, 537 F.3d at 128 (internal quotation marks and citations omitted). "However, because a hearing on disability benefits is a nonadversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Id.* (internal quotation marks, alteration, and citations omitted). "The burden falls upon the Commissioner at the fifth step of the disability evaluation process to prove that the claimant, if unable to perform [her] past relevant work [and considering his residual functional capacity, age, education, and work experience], is able to engage in gainful employment within the national economy." *Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y. 1997).

"The Commissioner must consider the following in determining a claimant's entitlement to benefits: '(1) the objective medical facts [and clinical findings]; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability . . . ; and (4) the claimant's educational background, age, and work experience.'" *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 262 (E.D.N.Y. 2001) (quoting *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999)) (alterations in original).

Unsuccessful claimants for disability benefits may bring an action in federal court seeking judicial review of the Commissioner's denial of their benefits. 42 U.S.C. §§ 405(g), 1383(c)(3). The reviewing court does not have the authority to

conduct a *de novo* review and may not substitute its own judgment for that of the ALJ, even when it might have justifiably reached a different result. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). Rather, "[a] district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess*, 537 F.3d at 127 (internal quotation marks omitted) (quoting *Shaw*, 221 F.3d at 131). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts 'only if a reasonable factfinder would *have to conclude otherwise*.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citations omitted).

Inquiry into legal error requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (second alteration in original) (internal quotation marks omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

## Discussion

## I.    The ALJ's Decision

The ALJ analyzed Plaintiff's application using the five-step sequential evaluation process, as mandated by the Act's

implementing regulations.   At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between June 30, 2008, the alleged onset date, and December 31, 2013, the date last insured.  (Administrative Record at 1078.)  At step two, the ALJ determined that Plaintiff had the following severe impairments:  vertigo, diverticulitis, bile gastris, hernia, headaches, left heel spur, herniated disc, lumbar spinal impingement, arthritis in the knees, generalized anxiety disorder, and panic disorder.  (*Id.* at 1078.)  As relevant here, the ALJ also concluded that Plaintiff did not have a severe impairment attributable to colon cancer or fibromyalgia because she was diagnosed with those conditions after December 31, 2013, the date last insured.  (*Id.* at 1079.)

At step three, the ALJ determined that Plaintiff's impairments, considered singly or in combination, did not meet or medically equal the severity of the listed impairments in Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).  (Administrative Record at 1080-82.)  Specifically, the ALJ found that: (1) Plaintiff's musculoskeletal impairments did not meet the listings in section 1.00; (2) Plaintiff's digestive system impairments did not meet the listing in section 5.06; (3) Plaintiff's headaches did not meet the listings in section 11.00; (4) Plaintiff's vertigo did not meet the listing in

section 2.07; and (5) Plaintiff's mental impairments did not meet the listing in section 12.06. (*Id.*)

At step four, the ALJ concluded that plaintiff was unable to perform any of her past relevant work. (*Id.* at 1087.) The ALJ determined that Plaintiff had the residual functional capacity to perform light work,[2] except that Plaintiff could: climb ramps and stairs frequently; climb ladders, ropes, or scaffolds occasionally; stoop, kneel, crouch, and crawl occasionally; work with moving mechanical parts occasionally; and work in an environment with less than moderate noise. (*Id.* at 1082.) The ALJ also noted that Plaintiff could understand simple instructions; perform simple, routine tasks; frequently interact with supervisors, coworkers, and the public; and tolerate occasional changes in a routine work setting. (*Id.*)

At step five, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform despite her restrictions. (*Id.* at 1087.) A vocational expert testified at the December 2, 2019 hearing before the ALJ that Plaintiff could perform the requirements of

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

representative occupations such as garment sorter, bagger, and drying room attendant. (*Id.* at 1088.) Accordingly, the ALJ found that plaintiff was not "disabled" and not entitled to disability benefits under the Act. (*Id.*)

## I.    The ALJ Failed To Provide Good Reasons for Disregarding the Opinions of Plaintiff's Treating Physicians

Under the "treating physician rule,"[3] the medical opinion of a treating source as to the nature and severity of a claimant's impairments is entitled to "controlling weight," where the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Cichocki v. Astrue*, 534 F. App'x 71, 74 (2d Cir. 2013) (internal quotation marks omitted) (quoting 20 C.F.R. § 404.1527(c)(2)).

"An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various factors to determine how much weight to give to the opinion, including: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion

---

[3] In 2017, new regulations were issued that changed the standard for evaluating medical opinion evidence for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. However, because Plaintiff filed her claim on December 4, 2013 (Stip. at 1), the previous regulations, including the treating physician rule, still apply. *See Conetta v. Berryhill*, 365 F. Supp. 3d 383, 395 n.5 (S.D.N.Y. 2019).

is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." *Id.* (internal quotation marks omitted) (quoting *Halloran*, 362 F.3d at 32).   "The ALJ must then 'comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion.'" *Id.* (quoting *Burgess*, 537 F.3d at 129).   An ALJ's "[f]ailure to provide . . . 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Burgess*, 537 F.3d at 129–130 (quoting *Snell*, 177 F.3d at 133–34).

**Dr. Cervantes.**   Dr. Lober Cervantes, a psychiatrist, began treating Plaintiff on January 18, 2013 and diagnosed her with generalized anxiety disorder. (Stip. at 5.)   In an April 8, 2014 medical opinion, Dr. Cervantes stated that Plaintiff could not engage in any gainful occupation due to the severity of her mental illnesses, including: her impaired short-term memory; her inability to concentrate, follow through on instructions, or maintain attendance at work; and her inability to function in a work setting with pressure or stress.   (*Id.* at 13; *see* Administrative Record at 479–85.)   The ALJ accorded Dr. Cervantes's opinion "little weight," finding that Dr. Cervantes provided "vague, conclusory statements" and that his assessment was inconsistent with his own treatment notes and with other evidence in the record.   (Administrative Record at 1085–86.)

10

The court concludes that the ALJ failed to provide good reasons for discounting the opinion of Dr. Cervantes. Although the ALJ briefly acknowledged that Plaintiff received "regular therapy and mediation [sic] management" from Dr. Cervantes (*id.* at 1085), the ALJ's decision "does not adequately set forth the extent of [Dr. Cervantes's] treatment relationship with Plaintiff." *Anrisani v. Saul*, 2022 WL 969741, at *3 (E.D.N.Y. Mar. 30, 2022). The extent of this treatment relationship is reflected in dozens of treatment notes throughout 2013 and 2014 and the prescription of numerous anxiety related medications, however, the ALJ does not appear to have considered and discussed the nature, length, frequency, and substance of the treatment history. (Administrative Record at 486-503; Stip. at 5-6.)  *See, e.g., Muldoon v. Comm'r of Soc. Sec.*, 2021 WL 2916880, at *9 (E.D.N.Y. July 12, 2021) ("[T]he ALJ's need to take into account the length of the treatment relationship and frequency of the examinations[] 'is of heightened importance' where the claimed impairments include . . . 'panic disorder[] and generalized anxiety disorder,' as is the case here." (citation omitted)).  In addition, the ALJ's decision did not even acknowledge Dr. Cervantes's status as a specialist. *See, e.g., Heuser v. Comm'r of Soc. Sec.*, 2022 WL 970746, at *8 (E.D.N.Y. Mar. 31, 2022) (explaining that even a "vague reference [to a treating physician's specialization] does not show sufficient consideration of [the treating physician's]

11

status as a specialist in weighing his opinion" (alterations original; citation omitted)).

The ALJ's decision also failed to adequately consider the significant evidence in the record supporting Dr. Cervantes's opinion.  This evidence included several trips to the emergency room and hospital between 2011 and 2013 for anxiety-related medical issues; a plethora of anxiety medications that proved ineffective; and consistent reports of disabling anxiety and panic attacks. (*See, e.g.*, Stip. at 3-7.)  Although the ALJ identified certain portions of medical records where Dr. Cervantes indicated that Plaintiff exhibited normal speech, behavior, and thought process (Administrative Record at 1085), remand is warranted where, as here, the ALJ's reasons for discounting a treating physician's opinion "are based, at least in part, on an improper, selective reading of the record." *Lovett v. Comm'r of Soc. Sec.*, 2021 WL 4463105, at *5 (E.D.N.Y. Sept. 29, 2021); *see also, e.g.*, *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019) (explaining that "cherry-picked treatment notes do not provide 'good reasons' for minimizing [a treating physician's] opinion").

In rejecting Dr. Cervantes's opinion, the ALJ also relied on Plaintiff's statement that "she has to do everything at home." (Administrative Record at 1085.)  In the ALJ's view, this stray remark indicated that Plaintiff "retained the capacity for a wide range of unskilled work activities." (*Id.*)  "[I]t is well-

12

settled," however, "that the performance of basic daily activities does not necessarily contradict allegations of disability, as people should not be penalized for enduring the pain of their disability in order to care for themselves." *Sutton v. Comm'r of Soc. Sec.*, 2022 WL 970748, at *9 (E.D.N.Y. Mar. 31, 2022) (citation omitted); *see also, e.g.*, *Murdaugh v. Sec'y of Dep't of Health & Human Servs.*, 837 F.2d 99, 102 (2d Cir. 1988) ("[T]hat appellant receives conservative treatment, waters his landlady's garden, occasionally visits friends and is able to get on and off an examination table can scarcely be said to controvert the medical evidence."). The record indicates that Plaintiff was severely limited in performing basic daily activities, including testimony from Plaintiff and her husband that Plaintiff relied on others to shop, cook, clean, and help her out of the car. (*See, e.g.*, Administrative Record at 1131, 1142-45.)

Having reviewed the record, the court has no assurance "that the substance of the treating physician rule was not traversed." *Estrella*, 925 F.3d at 96 (citation omitted). Accordingly, the court concludes that remand is warranted because the ALJ failed to provide good reasons for discounting Dr. Cervantes's opinion.

***Dr. Cintron.*** The court also finds that the ALJ failed to provide good reasons for discounting the opinion of Dr. Miguel Cintron, Plaintiff's treating gastroenterologist. Dr. Cintron

13

began treating Plaintiff in 2009 for various gastroenterological issues, including abdominal pain, diarrhea, gastrointestinal bleeding, and internal hemorrhoids, ultimately culminating in Plaintiff's diagnosis with and treatment for colon cancer. (Stip. at 3-10.)  In a 2019 opinion, Dr. Cintron stated that prior to December 31, 2013, Plaintiff's "frequent episodes" of abdominal and chest pain – including bouts of diarrhea up to seven times per day – would have made working a full-time job "difficult to manage." (Administrative Record at 2661-62.)

Although the ALJ discussed two other opinions written by Dr. Cintron, from 2014 and 2015, the ALJ failed to adequately explain or provide good reasons for discounting Dr. Cintron's 2019 opinion.  Instead, the ALJ erroneously considered Dr. Cintron's 2019 opinion as related only to Plaintiff's colon cancer (*id.* at 1079), without acknowledging the other significant gastroenterological issues on which Dr. Cintron opined. *See, e.g.*, *Epstein v. Comm'r of Soc. Sec.*, 2020 WL 5708716, at *5 (E.D.N.Y. Sept. 24, 2020) ("[T]he ALJ's failure to explain his decision not to credit the opinion of Plaintiff's treating physician supports remand.").  Importantly, the treating physician rule "appl[ies] to treating physicians' retrospective opinions as well as contemporaneous ones." *Greif v. Kijakazi*, 2022 WL 280605, at *3 (E.D.N.Y. Jan. 31, 2022).  On remand, the ALJ should specifically analyze the medical evidence in the context of Dr. Cintron's 2019

14

opinion regarding Plaintiff's condition prior to December 31, 2013.

In addition, Dr. Cintron's 2015 opinion may be relevant to Plaintiff's condition prior to the date last insured.   "The Second Circuit has 'observed, repeatedly, that evidence bearing upon an applicant's condition subsequent to the [date last insured] is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the . . . date or may identify additional impairments which could reasonably be presumed to have been present." *Bogdan K. v. Kijakazi*, 2021 WL 3486868, at *5 (D. Conn. Aug. 9, 2021) (quoting *Pollard v. Halter*, 377 F.3d 183, 193-94 (2d Cir. 2004)); *see also, e.g.*, *David F. v. Comm'r of Soc. Sec.*, 2021 WL 2985152, at *4 (W.D.N.Y. July 15, 2021).  Thus, contrary to the ALJ's reasoning (Administrative Record at 1086), the court finds that the date of Dr. Cintron's opinion does not – standing alone – provide a good reason for discounting it. Similarly, the court finds no support in the record for the ALJ's conclusory statement that Dr. Cintron's 2015 opinion was "unrelated to her functional abilities prior to December 31, 2013." (*Id.*)  Although Dr. Cintron's 2015 opinion discussed Plaintiff's treatment for colon cancer, his opinion also relates to Plaintiff's diarrhea, abdominal pain, and hemorrhoids, among other issues, and discusses Plaintiff's colon cancer in the context of Dr. Cintron's multi-year treatment of Plaintiff for various gastroenterological

15

issues. (*Id.* at 586-87.)   Accordingly, the ALJ's failure to provide good reasons for discounting Dr. Cintron's opinions also warrants remand.

## II. The ALJ Improperly Discounted Plaintiff's Subjective Complaints

The court also finds that the ALJ's errors with respect to the medical opinion evidence, discussed above, "necessarily undermine[] the decision to discount Plaintiff's subjective complaints regarding [her] physical limitations." *Bienvenido J.P. v. Comm'r of Soc. Sec.*, 2022 WL 901612, at *8 (S.D.N.Y. Mar. 28, 2022).   "An ALJ must follow a two-step framework for evaluating allegations of pain and other limitations." *Anrisani*, 2022 WL 969741, at *4.   "At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).   "If the claimant does suffer from such an impairment, at the second step, the ALJ must consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of record." *Id.* (alteration original; citation omitted).   Among other factors, an ALJ must consider: Plaintiff's daily activities; the location, duration, frequency, and intensity of Plaintiff's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medications;

treatment other than medication for Plaintiff's pain or other symptoms; and any other measures that Plaintiff uses or has used to relieve her pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).

The ALJ discounted Plaintiff's testimony, finding that her "statements concerning the intensity, persistence[,] and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Administrative Record at 1083.)  In particular, the ALJ found Plaintiff's claims "inconsistent because they [were] not reported in a longitudinal basis prior to the date she was last insured for benefits." (*Id.* at 1084.)

Based on this limited explanation, the court concludes that remand is warranted because the ALJ "did not identify what facts [she] found to be significant, indicate how [she] balanced the various factors, or specify which of [the] Plaintiff's alleged symptoms [she] found to be not credible." *Cabibi v. Colvin*, 50 F. Supp. 3d 213, 239 (E.D.N.Y. 2014) (third alteration original; citation omitted).  An ALJ's credibility determination must "be set forth with sufficient specificity to permit intelligible plenary review of the record." *Sutton*, 2022 WL 970748, at *9 (citation omitted); *see also, e.g.*, *Monteith v. Comm'r of Soc. Sec.*, 2021 WL 2895655, at *6 (E.D.N.Y. July 9, 2021); *DePaulo v. Saul*, 2021 WL 1193187, at *6 (E.D.N.Y. Mar. 30, 2021).  The ALJ's failure to adhere to these standards, and to specifically discuss

the factors set forth at 20 C.F.R. § 404.1529(c)(3) with respect to Plaintiff's subjective complaints, warrants remand in this case.

## III. The ALJ's RFC Finding Was Not Supported By Substantial Evidence

As a result of the ALJ's errors in discounting the opinions of Plaintiff's treating physicians and Plaintiff's subjective complaints, the ALJ also reached an RFC determination that was not supported by substantial evidence.  The ALJ concluded that Plaintiff had the ability to perform light work, except that she "is able to climb ramps and stairs frequently; climb ladders, ropes, or scaffolds occasionally; stoop, kneel, crouch, [and] crawl occasionally; work with moving mechanical parts occasionally; and work in an environment where noise level does not exceed moderate noise." (Administrative Record at 1082.)  The ALJ also found that Plaintiff could not work at heights, but could understand simple oral instructions, perform routine tasks, frequently interact with others, and tolerate occasional changes in routine work setting.  (*Id.*)

"When the record indicates that a claimant might need to be off-task for a substantial part of the workday, the ALJ should consider whether this would preclude the claimant from performing past relevant work or transitioning to other work."  *Lopez v. Kijakazi*, 2021 WL 4463288, at *3 (E.D.N.Y. Sept. 29, 2021); *see*

*also, e.g.*, *Robert S. v. Comm'r of Soc. Sec.*, 2022 WL 1539544, at
*3 (W.D.N.Y. May 16, 2022) (finding that "remand is required" where
"the ALJ did not incorporate any need for restroom breaks in the
RFC").  Here, Dr. Cintron's retrospective 2019 opinion addressed
Plaintiff's abdominal pain and frequent bouts of diarrhea, up to
seven times per day, which were exacerbated by her anxiety and
which would make it difficult to concentrate on tasks and perform
full-time work.  (Administrative Record at 2659, 2661-62.)  Given
that the vocational expert at the hearing testified that employers
will tolerate no more than 10% of time off-task (*id.* at 1155),
proper consideration of Dr. Cintron's opinions could lead to the
conclusion that Plaintiff's gastroenterological issues would
preclude any full-time work.  Similarly, proper consideration of
Dr. Cervantes's opinions could result in further restrictions on
Plaintiff's ability to perform work tasks due to her difficulty
concentrating and following through on instructions.

In addition, the ALJ provided no basis for her
conclusions that Plaintiff could perform the requirements of light
work.  *See, e.g.*, *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir.
2013) (explaining that remand is warranted where "inadequacies in
the ALJ's analysis frustrate meaningful review").  For example,
light work requires the ability to lift up to twenty pounds and
frequently lift up to ten pounds.  *See* 20 C.F.R. § 404.1567(b).
Here, there was evidence that Plaintiff could not satisfy these

19

requirements, including her testimony that she could not lift a bottle of milk and Dr. Cintron's 2015 opinion – which may bear on her condition prior to the date last insured – that she could not lift more than ten pounds.  (Administrative Record at 589, 1131.) The ALJ, however, provided no basis for her conclusion that Plaintiff could perform the lifting requirements of light work, frustrating meaningful review and requiring remand.  Similarly, the ALJ failed to provide any explanation or basis for Plaintiff's ability to listen to instructions and to frequently interact with others, despite evidence from Dr. Cervantes regarding Plaintiff's inability to concentrate and function in a work setting.  (*See* Stip. at 13.)  On remand, the ALJ should specifically address the requirements of light work and explain her basis for concluding that Plaintiff can satisfy these requirements, despite her various limitations.

## IV.  Plaintiff's Remaining Arguments

Plaintiff raises several other challenges to the ALJ's decision, including that the ALJ erred in concluding that Plaintiff's mental impairments did not meet or equal the listing for anxiety; that the agency's vocational expert failed to establish Plaintiff's ability to adjust to other work; and that the ALJ failed to make required inferences as to the onset of disability.  (Pl.'s Mem. at 19-22, 27-30.)  Having concluded that the ALJ erred with respect to Plaintiff's treating physicians,

subjective complaints, and RFC, the court need not reach these other arguments. *See, e.g.*, *Schultz v. Saul*, 2020 WL 5752138, at *3 n.7 (E.D.N.Y. Sept. 25, 2020). On remand, the ALJ will have the opportunity to properly evaluate the medical opinions and Plaintiff's testimony, consider whether the requirements of any listing are satisfied, and ask any appropriate questions to a vocational expert.

Plaintiff requests that the court remand for the calculation of benefits only. (Pl.'s Mem. at 30.) "[B]ecause the record does not lead to the definitive conclusion that Plaintiff is disabled," however, the court will remand for further administrative proceedings. *Anrisani*, 2022 WL 969741, at *5 (citing *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 2000)). In the alternative, Plaintiff requests that the case be assigned to a different ALJ on remand. (Pl.'s Mem. at 30.) "Courts have ordered the Commissioner to reassign a case to a new ALJ on remand where the ALJ's conduct 'g[a]ve[] rise to serious concerns about the fundamental fairness of the disability review process[.]'" *Hernandez v. Comm'r of Soc. Sec.*, 2021 WL 5999623, at *8 n.4 (E.D.N.Y. Dec. 19, 2021) (alterations original; citation omitted). Having reviewed the record, the court concludes that reassignment is inappropriate because the ALJ's conduct does not raise sufficiently serious concerns about the fairness of the proceeding. *See, e.g.*, *Mack v. Comm'r of Soc. Sec.*, 2021 WL

3684081, at *20 (S.D.N.Y. July 26, 2021) ("The unexplained rejection of relevant medical evidence . . . without additional evidence of partiality, incompetence, or bias, constitutes a legal error, not a legal error induced by hostility." (citation omitted)), *report and recommendation adopted*, 2021 WL 3683628 (S.D.N.Y. Aug. 17, 2021).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is **GRANTED**, Defendant's motion for judgment on the pleadings in **DENIED**, and this case is **REMANDED** for further proceedings consistent with this Memorandum and Order. The Clerk of Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:    Brooklyn, New York
          June 6, 2022